ALEXANDER T. STEWART AND ANOTHER, APPELLANTS, *v.* MOSES STRASBURGER, RESPONDENT.

*Arrest — large purchases on eve of bankruptcy, evidence of fraud — party liable to arrest for act of his wife — when — Principal and agent — fraud of agent — liability of principal for — when he takes fruits of.*

APPEAL from an order vacating an order of arrest. The wife of the defendant purchased of the plaintiffs, in the months of November and December, 1875, goods to the amount of over $2,000 — for family use — which goods were sold and delivered by the plaintiffs on the defendant's credit. At and before the times of the purchases the defendant was insolvent and in failing circumstances, and on the 14th day of December, 1875, made a general assignment. When the goods were purchased at the plaintiffs' store no

representations were made concerning the defendant's circumstances, but, as his wife had previously purchased goods there in the defendant's name, which were afterwards paid for by him, no suspicion as to his solvency or credit seems to have existed on the part of the plaintiff. No term of credit was agreed upon, but the bill was not presented until the latter part of December, and then the defendant failed to pay. The affidavits on this motion also stated that the defendant has purchased of other parties during the same fall large quantities of dry goods which were not paid for. The plaintiffs insisted that the goods were procured from them fraudulently, by intentionally concealing the defendant's circumstances, and upon that theory the order of arrest was made. The defendant and his wife swore that the defendant did not at the time know of the purchases, and that she had no knowledge or information of his pecuniary condition. She also swore that she had frequently made purchases of the plaintiffs for her family, amounting to over $1,500, during the period of a few months. This was shown to be false.

The court at General Term say: "Proof of fraud, which always endeavors to guard itself against discovery by concealment, is peculiarly dependent upon the force of circumstances for its support; and, when they are so decided as satisfactorily to justify the conclusion that an intent to defraud existed, it is not to be rejected because of the positive denial of it by the parties concerned in the commission of the wrong. That is the nature of the circumstances shown in this case. They are wholly inconsistent with the truth of the assertion that the goods were purchased for the use of the defendant's family, and indicate the design to have been to make the purchases because of the impending and prospective failure of the defendant. * * * The probability is very decided that the goods were purchased by her with the expectation and design that they would not be paid for, and that combined all the elements of actual fraud. (*Brown* v. *Montgomery*, 20 N. Y., 287; *King* v. *Phillips*, 8 Bosw., 603; *Carpenter* v. *Danforth*, 52 Barb., 581; *Johnson* v. *Monell*, 2 Abb. Ct. App. Dec., 470.) In contracting the debt by means of it she acted, as she had done before, as the agent of her husband, the defendant, and the goods were delivered at his residence. So large a quantity could hardly be received

there without his knowledge of them, and of the means by which they had been procured, and that was sufficient to render him an actual participant in the transaction. That he did know of the receipt of the goods at his residence is not denied by either himself or his wife, * * * and, when requested to pay the bill, he in no way indicated any disposition to part with the fruits of the fraud that had been committed. * * * The defendant's wife bought the goods in his name and under his authority. They were received at his residence for the use of his family. He had the benefit of them, and became liable to the plaintiffs for the payment of the purchase that was fraudulently incurred, and he was lawfully held to bail, by the order made, for the debt that had been created."

*Henry H. Rice*, for the appellants. *M. L. Townsend*, for the respondent.

Opinions by DAVIS, P. J., and DANIELS, J.

Order reversed, with ten dollars costs and disbursements, and motion denied with costs.